[No. 13645. Department Two. May 5, 1917.]

*In the Matter of the Estate of* FRANCES H. RICHARDSON.
A. A. BOOTH, *as Executor etc., et al., Appellants,* v.
WILLIAM F. RICHARDSON *et al., Respondents.*[1]

WILLS—TESTAMENTARY CAPACITY—EVIDENCE—SUFFICIENCY. Findings of testamentary capacity to revoke a will are supported where friends who saw the testatrix frequently testified that she understood what she did and the effect of the revocation, which was in her own handwriting and indicated that she knew what she was about.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 27, 1916, upon findings in favor of the defendants, setting aside the probate of a will, after a contest tried to the court. Affirmed.

*Henry W. Pennock, Halverstadt & Clarke,* and *Robert F. Booth,* for appellants.

*Edward Judd* and *Wardall & Wardall,* for respondents.

MOUNT, J.—This is a will contest. Mrs. Richardson, during her lifetime, executed a will on July 30, 1915. A. A. Booth was, by the terms of this will, made executor with full control of the property, valued at about thirty thousand dollars ($30,000). The executor was directed to pay such income and proceeds of the property to Mr. Richardson, husband of the testatrix, during his lifetime, "as in the judgment of said executor may appear necessary and proper." The will provided that, upon the death of Mr. Richardson, the residue of the estate was to be distributed to certain

[1]Reported in 165 Pac. 656.

named legatees, among these being Seattle School District
No. 1.

On October 20, 1915, Mrs. Richardson, in her own hand-
writing, revoked the will in the presence of two witnesses. On
December 7, 1915, Mrs. Richardson died in the city of Se-
attle. Thereafter the will was admitted to probate, and sub-
sequently this contest was filed by Mr. Richardson upon the
ground that the will was revoked by Mrs. Richardson. It
was conceded at the trial that Mrs. Richardson regularly ex-
ecuted the will, and, also, that afterwards she executed a rev-
ocation of it. But it was contended that she was incompetent
to revoke the will at the time she executed the revocation.

That was the sole question presented to the trial court.
After hearing the evidence upon that question, the court con-
cluded that Mrs. Richardson was competent at the time of the
revocation; made findings to that effect; set aside the probate
of the will; and appointed an administrator of the estate.
This appeal is prosecuted from that order.

The only question presented here is one of fact, whether
Mrs. Richardson was competent to make or revoke her will
at the time of the revocation. This was a much disputed
question. The trial court was apparently controlled by the
testimony of friends who were with Mrs. Richardson more or
less constantly about the time she wrote and executed the rev-
ocation, and who testified that she understood what she did
and the effect of the revocation, rather than by the statements
of doctors who saw her infrequently about that time and who
expressed the opinion that she was incompetent. The ap-
pearance of the revocation itself, written by Mrs. Richardson
in her own handwriting, indicates that she knew what she was
about.

After reading the record quite carefully, we are of opinion
that the trial court arrived at a correct conclusion.

The judgment is therefore affirmed.

Ellis, C. J., Parker, Fullerton, and Holcomb, JJ.,
concur.